IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TODRICK MORRIS, #0854732 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv390 |
| LONNIE R. TOWNSEND, ET AL. | § | |

<u>REPORT AND RECOMMENDATION OF THE<br>UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Todrick Morris, a prisoner confined at the Michael Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights occurring at the Michael Unit. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns only Morris's claim against Defendant Pam Pace. For reasons explained below, the Court recommends that all claims against her be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915.

**I. Plaintiff Morris's Claims**

Morris maintains that all Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. Specifically, he argues that Defendants refused to allow him to attend his scheduled physical therapy appointments for his right hand. After a serious injury to his right hand and fingers, Morris required surgery—and states that he still does not have feeling in his right hand and fingers. He also maintains that he has lost range of motion from not "being allowed to participate" in his physical therapy sessions ordered and scheduled by the doctors and therapists.

With respect to Defendant Pam Pace, TDCJ Medical Practice Manager, Morris argues that she acted with deliberate indifference to his serious medical needs. Morris attached several of his prison grievances to his complaint, with Defendant Pace responding to his medical grievances, (Dkt. #1).

**II. Legal Standards**

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys*. *Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather,

the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

### III. Discussion and Analysis

Morris's claims against Defendant Pam Pace fail to state a claim upon which relief may be granted. Morris failed to explain how she is connected to his medical care at the Michael Unit other than responding to grievances. In fact, the Court notes that the Fifth Circuit and this Court have found that Pace is not a medical provider or nurse. Rather, she is the practice manager—and her duties include submitting responses to prisoner grievances. *See Criollo v. Milton*, 414 F. App'x 719, 721 (5th Cir. 2011) (unpublished) ("This argument lacks merit, however, because Criollo has not shown how either Pace, as practice manager, or Smith, as program administrator, had any role in his medical treatment."). Because Defendant Pace is not a medical provider—with no alleged personal involvement related to Morris's actual medical treatment—Morris failed to state a claim against her upon which relief may be granted.

To the extent that Morris disagrees with Defendant Pace's responses to his grievances, such disagreement fails to state a claim for deliberate indifference. In the medical care context,

"[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Nor does a disagreement with a grievance response state a claim. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Morris's claims against Defendant Pace should be dismissed.

Traditionally, district courts are required to permit a *pro se* plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Here, a review of Morris's initial complaint shows that any attempt to amend this medical claim against Defendant Pace would still result in the same analysis. In other words, Morris has not shown that any attempt to amend this complaint would have resulted in a different analysis on this claim against this Defendant. Therefore, the Court declines to afford him an opportunity to amend.

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff Morris's claims against Defendant Pace be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 4th day of October, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE